IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERESSA MAUPINS-OSWAGO,**

      **Plaintiff,**

v.

**KANSAS DEPARTMENT OF LABOR,** *et al.,*

      **Defendants.**

Case No. 23-2329-DDC-ADM

**MEMORANDUM AND ORDER**

Pro se plaintiff Teressa Maupins-Oswago[1] filed this lawsuit against defendants Kansas Department of Labor (KDOL) and Dollar Tree Stores, Inc. to recover unemployment benefits. Doc. 1 at 1–3. Plaintiff's Complaint doesn't allege any federal claims sufficient to establish federal question subject matter jurisdiction under 28 U.S.C. § 1331. And, plaintiff doesn't allege clearly that the parties are citizens of different states sufficient to establish diversity subject matter jurisdiction under 28 U.S.C. § 1332. So, the court previously ordered plaintiff to show cause why the court shouldn't dismiss the case for lack of subject matter jurisdiction. Doc. 9 at 3. Plaintiff never responded to the Show Cause Order requiring her to explain how the court has subject matter jurisdiction over her case.

The court thus dismisses plaintiff's Complaint for lack of subject matter jurisdiction. Plaintiff's allegations do not invoke federal law. And without sufficient allegations showing that the parties' citizenship is diverse, plaintiff fails to establish that this court has subject matter

---

[1] Because plaintiff proceeds pro se, the court construes her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, plaintiff's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

jurisdiction over the Complaint.  The party invoking federal jurisdiction bears the burden of showing subject matter jurisdiction exists.  *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).  Plaintiff here fails to shoulder that burden here by failing to allege facts sufficient to confer jurisdiction under 28 U.S.C. § 1331 or § 1332.  Thus, the court dismisses this case without prejudice because it lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED THAT** this case is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2024, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**